1    **STEVEN AMES BROWN**
     Entertainment Law 83363
2    69 Grand View Avenue
     San Francisco, California 94114-2741
3    415/647-7700 Tele
     415/285-3048 Fax
4    sabrown@entertainmentlaw.com

5    Plaintiff in *pro se*

6

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                  WESTERN DIVISION

11

12   STEVEN AMES BROWN,                    **CV12-5550** -GW
                                           CIVIL NO.                    (AGRx)
13            Plaintiff,
                                           NOTICE OF
14       v.                                MOTION TO COMPEL ATTENDANCE
                                           OF WALLY ROKER AT DEPOSITION
15   ANDREW B. STROUD, an individual       AND FOR PRODUCTION OF ITEMS
     and *dba* STROUD PRODUCTIONS AND
16   ENTERPRISES, INC.

17            Defendant.                /
     _____/
18

19                                         Date:  to be noticed August 6, 2012

20                                         Time:  to be noticed 8:30 A.M.

21                                         Judge:  to be noticed

22

23

24

25

26



JUN 2 6 2012

1    TO: WALLY ROKER AND ICU ENT. DIST., ALL PARTIES AND

2         THEIR ATTORNEYS OF RECORD:

3    PLEASE TAKE NOTICE: that Plaintiff Brown hereby moves the above-noted Court

4    for an order compelling Deponent Wally Roker an individual and *dba* ICU ENT. DIST. to

5    appear at his deposition, be sworn and give testimony and to produce for inspection and

6    copying those items specified in the subpoenas served upon him which have at any time

7    since service thereof has been in his possession, custody and/or control.

8    Plaintiff Brown also seeks monetary sanctions against Deponent Wally Roker in the

9    sum of $3,032.00.

10   The motion is based on this notice, the accompanying memorandum and

11   declaration of Steven Ames Brown as well as all such matter as may be presented to the

12   Court before this motion is submitted.

13   After the Clerk assigns a case number and a judge to hear this motion, a notice of

14   hearing shall be filed and served on Deponent Roker and all parties of record along with

15   the accompanying documents.

16   Dated: June __, 2012

17                                        Respectfully submitted,

18

19                                        STEVEN AMES BROWN,
                                          Plaintiff in *pro se*
20

21

22

23

24

25

26

1   **STEVEN AMES BROWN**
    Entertainment Law 83363
2   69 Grand View Avenue
    San Francisco, California 94114-2741
3   415/647-7700 Tele
    415/285-3048 Fax
4   sabrown@entertainmentlaw.com

5   Plaintiff in *pro se*

6

7

8                      UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10                           WESTERN DIVISION

11

12  STEVEN AMES BROWN,
                                        CIVIL NO.
13           Plaintiff,

14      v.                              MOTION TO COMPEL ATTENDANCE
                                        OF WALLY ROKER AT DEPOSITION
15  ANDREW B. STROUD, an individual     AND FOR PRODUCTION OF ITEMS
    and *dba* STROUD PRODUCTIONS AND
16  ENTERPRISES, INC.

17           Defendant.            /
                                  /
18

19                                      Date:  to be noticed

20                                      Time:  to be noticed

21                                      Judge:  to be noticed

22

23

24

25

26

                         Pl's Memo Re: Motion To Compel
                                    Page 0

INTRODUCTION

This action is pending in the Northern District of California as Cv. 08-2348 JSW. During the course of discovery two subpoenas were issued for deponent Wally Roker, a resident of Los Angeles County.  The subpoenas required Mr. Roker to submit to oral examination and produce various tangible items for inspection and copying.  *Brown Declaration, Exhibit 2* and *Exhibit 3*.  The two subpoenas were duly served on Mr. Roker. *Brown Declaration, Exhibit 4* and *Exhibit 5*.

Mr. Roker failed to appear.  Instead he sent an email saying he was unavailable. *Brown Declaration, Exhibit 6*.  Follow-up attempts to communicate with Mr. Roker and schedule a deposition at his convenience were ignored, and Mr. Roker never responded to the subpoenas or to follow-up communications, beyond his single email *Brown Declaration, ¶ 5*.  Pursuant to Local Rule 37-1, a "meet and confer" demand was sent to Mr. Roker.  *Brown Declaration, Exhibit 7*.  Mr. Roker never responded to the demand. *Brown Declaration, ¶ 5*.  Accordingly, pursuant to Local Rule 37-2.4, instead of being presented on a stipulation, this motion is brought in compliance with Local Rule 6-1, 7-9 and 7-10.  As this motion is brought to enforce subpoenas issued through this Court in pursuit of an action pending in the Northern District of California, it is filed with a notice of motion, but without a notice of hearing because the Clerk does not assign a case number nor designate a judge until the motion is filed. [1]  Upon the assignment of a case number and judge, Plaintiff will file and serve on Mr. Roker a *Notice of Hearing* along with the *Notice of Motion, Memorandum* and *Declaration of Steven Ames Brown*.

///

///

---

[1]  See, http://www.cacd.uscourts.gov/court-procedures/filingprocedures/how-obtain-and-issue-out-district-subpoena  ("Should it become necessary to seek enforcement of the out-of-district subpoena, the moving party shall file with the Clerk a Motion to Enforce Subpoena upon which a civil case number and district judge will be assigned.")

1    GOOD CAUSE EXISTS TO COMPEL ATTENDANCE AND PRODUCTION

2        In the Northern District action, Plaintiff seeks a judicial declaration against
3    Defendant Stroud concerning the ownership of common law copyrights in various sound
4    recordings by the late artist Nina Simone.  By counterclaims served by the Estate of Nina
5    Simone ("Estate") against Mr. Stroud in the same action, the Estate seeks the return of
6    Nina Simone personal property allegedly converted by Mr. Stroud.

7        Various discovery disputes arose among the parties as the action progressed over
8    the next three years.  Eventually Mr. Stroud was ordered by the Court to produce for
9    inspection and copying hundreds of Nina Simone recordings and various other items
10   pertaining to her.  Rather than producing them, however, Mr. Stroud signed a contract with
11   Deponent Roker purporting to transfer to him virtually the entire *res* of property in dispute.
12   *Brown Declaration, Exhibit 1.*  The Estate and Plaintiff promptly caused the two deposition
13   subpoenas to be served on Mr. Roker (on his own behalf and on behalf of his fictitiously
14   named business, ICU Ent. Dist.) commanding him to submit to examination and to
15   produce for inspection and copying the disputed Nina Simone items purportedly
16   transferred to him by Mr. Stroud pursuant to the sales contract.

17       Mr. Roker's testimony is critical because Mr. Stroud claims to have transferred to
18   Mr. Roker physical possession of the disputed Nina Simone items.  Although Mr. Stroud
19   claims to have subsequently rescinded the contract and retrieved the items, this does not
20   resolve chain of custody questions.  More importantly, there are at minimum 51 boxes of
21   analog Nina Simone recordings that are unaccounted for, items listed on the Stroud/Roker
22   sales agreement as being physically transferred to Mr. Roker, but which have never been
23   produced for inspection and copying by Mr. Stroud or anyone else.

24       F.R.Cv.P. 37(a)(2) provides that a "motion for an order to a nonparty must be made
25   in the court where the discovery is or will be taken."  Rule 37(b(1) provides that if "the court
26   where the discovery is taken orders a deponent to be sworn or to answer a question and

the deponent fails to obey, the failure may be treated as contempt of court." That rule clearly contemplates that the court where the discovery to be taken has the power to entertain a motion to compel a third-party deponent's attendance.  Although Rule 45(e) provides that the failure of a non-party to appear pursuant to a subpoena may be punished as contempt, there is authority suggesting that Rule 37(a)(5) permits reimbursement of expenses against a non-party on a separate motion to compel.  *Cal. Prac. Guide: Fed. Civ. Procedure Before Trial* (Rutter 2011) § 11:2460.

Plaintiff wishes to proceed by motion to compel and not by contempt and to obtain reimbursement of travel expenses to attend the hearing, unless the Court permits a telephonic appearance.  While contempt proceedings are immediately available, the goal is not to punish Mr. Roker, but to compel his attendance and production of the disputed items.  Plaintiff's sanction claim is set forth in the *Brown Declaration* at ¶ 6.

CONCLUSION

Mr. Roker was duly served with subpoenas regular on their faces.  He failed to appear, and he failed to produce for inspection and copying the items identified in the subpoenas.  An order should issue commanding Mr. Roker to personally appear at his deposition and to produce for inspection and copying any items identified in the subpoenas that were in his possession, custody and/or control as of the date of service, or which have come into his possession, custody and/or control since that date.

Dated: June 20, 2012

Respectfully submitted,

STEVEN AMES BROWN,
Plaintiff in *pro se*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George H. Wu and the assigned discovery Magistrate Judge is Alicia G.  Rosenberg.

The case number on all documents filed with the Court should read as follows:

## CV12- 5550 GW (AGRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☑) STEVEN AMES BROWN | DEFENDANTS ANDREW B. STROUD, an individual and dba Andrew Stroud Productions and Enterprises, Inc. |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) STEVEN AMES BROWN, Atty 83363, 69 Grand View Avenue, San Francisco, CA 94114-2741; 415/647-7700; sabrown@entertainmentlaw.com | Attorneys (If Known) Bruce E. Methven, Atty 95486, 2232 Sixth Street, Berkeley, CA 94710; 510/649-4019 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☑ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☐ Yes ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No           ☐ MONEY DEMANDED IN COMPLAINT: $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Motion to compel enforcement of Central District subpoena, F.R.Cv.P. 37

**VII. NATURE OF SUIT** (Place an X in one box only.)

| | | PERSONAL INJURY | PERSONAL PROPERTY | | |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 850 Securities/Commodities/Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | | ☐ 861 HIA (1395ff) |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☑ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 892 Economic Stabilization Act | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 893 Environmental Matters | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 894 Energy Allocation Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 895 Freedom of Info. Act | ☐ 240 Torts to Land | | | | |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 245 Tort Product Liability | | | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | |

FOR OFFICE USE ONLY:    Case Number: **CV12-5550**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | San Francisco |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | New York, New York |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
     Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER):  _____   Date 6/26/2012

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |